Ezra Sutton (ES-2189)
LAW OFFICES OF EZRA SUTTON, PA
900 Route 9
Woodbridge, New Jersey 07095
esutton@ezrasutton.com
Tel: (732) 634-3520
Fax: (732) 634-3511
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Flavor Dynamics, Inc.,<br><br>*Plaintiff,*<br><br>v.<br><br>RDE, LLC, dba WP Coffee Co., Van Houtte L.P., and Keurig Incorporated,<br><br>*Defendants.* | Civil Action No.: 09-CV- ____ |

## COMPLAINT FOR TRADEMARK
## INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR
## COMPETITION, AND REQUEST FOR JURY TRIAL

Plaintiff Flavor Dynamics, Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants' RDE, LLC, dba WP Coffee Co., Van Houtte L.P., and Keurig Incorporated, (hereinafter "Defendants") states the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURSIDICTION, PARTIES, & NATURE OF THE ACTION

1.     This action arises under the Trademark Laws of the United States, and specifically the Trademark Act of 1946, as amended, as hereinafter more fully appears, and under an ancillary state law claim under New Jersey statutes governing unfair competition.  Subject Matter Jurisdiction is conferred on this Court pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act); 28 U.S.C. §1331 (federal question); 28 U.S.C. 1338(a) (acts of Congress relating to trademarks); 28 U.S.C. §1332 (diversity of citizenship); and 28 U.S.C. §1367 (supplemental jurisdiction for related state law claims).  Personal jurisdiction is proper since the Defendants have sold the infringing product in this District, as set forth below. Venue is proper under 28 U.S.C. §1391(b) & (c), as explained below.

2.     Plaintiff is a corporation duly organized and existing under the laws of the State of New Jersey, and having a place of business at 640 Montrose Avenue, South Plainfield, New Jersey 07080.

3.     Defendant RDE, LLC, dba WP Coffee Co., upon information and belief, is a Washington corporation, having a principal place of business at 110 W. Dayton Street, Suite 201, Edmonds, Washington 98020.

4.     Defendant Van Houtte L.P., upon information and belief, is a Canadian limited partnership, having a principal place of business at 8300 19th Avenue, Montreal, Quebec, Canada H1Z4J8.

5.     Defendant Keurig Incorporated, upon information and belief, is a Delaware corporation, having a principal place of business at 55 Walkers Brook Drive, Reading, Massachusetts 01867.

6.      Defendants have marketed and sold coffee and related products bearing an infringing trademark, specifically JAMAICA ME CRAZY, to distributors, retailers and other businesses in New Jersey, and on information and belief, to retail stores nationwide. Therefore, the Defendants are doing business in the District of New Jersey and are subject to this court's personal jurisdiction.

7.      Venue is proper under 28 U.S.C. §1391(b), since a substantial part of the events giving rise to Plaintiff's claims occurred in New Jersey, including infringing sales, and a likelihood that consumers have been confused as to whether there is a connection or affiliation between Plaintiff and Defendants.

## BACKGROUND FACTS

8.      Plaintiff is a wholesaler of coffee flavoring and other related products.

9.      Plaintiff adopted, has used, continues to use, and is the current exclusive owner of all rights, title and interest in the registered trademark JAMAICAN ME CRAZY COFFEE FLAVOR, and is also the owner of the registered trademark JAMAICAN ME NUTS COFFEE FLAVOR (hereinafter collectively the "JAMAICAN ME CRAZY Marks").

10.    Plaintiff is the owner of the following U.S. trademark registrations and applications, as shown in Exhibit A, attached hereto:

    a.  U.S. Trademark Reg. No. 2959169, for JAMAICAN ME CRAZY COFFEE FLAVOR, in Class 30 for "Food flavorings being non-essential oils"; and

3

  b. U.S. Trademark Reg. No. 2749917, for JAMAICAN ME NUTS COFFEE

    FLAVOR in Class 30 for "food flavorings consisting of coffee flavors, not

    of essential oils."

11. The above registrations are valid and subsisting.

12. Plaintiff started using its JAMAICAN ME CRAZY Marks in 1997, and such use has been continuous, open, and notorious use in the United States to the present date, on its coffee flavoring products.

13. Plaintiff has built up valuable trademark rights through extensive sales and advertising over many years, using its JAMAICAN ME CRAZY Marks.

14. Plaintiff sells its product to coffee roasters in thirty-seven (37) states, who in turn sell the product to distributors and retailers in additional states.

15. Plaintiff's JAMAICAN ME CRAZY Marks have acquired secondary meaning, recognition and goodwill through over fourteen (14) years of use and extensive sales throughout the country.

16. Thus, Plaintiff's JAMAICAN ME CRAZY Marks are strong marks and entitled to a wide scope of protection.

17. In and around August, 2011, Plaintiff became aware that Defendants were advertising and selling coffee using the trademark JAMAICA ME CRAZY.

18. On August 24, 2011, Plaintiff immediately notified Defendants RDE and Van Houtte by cease and desist letter of their infringement, and demanded that the use by Defendants of the infringing JAMAICA ME CRAZY mark be stopped immediately.

19. Defendants have been marketing and selling coffee under the infringing trademark JAMAICA ME CRAZY in the same channels of trade in the U.S. as Plaintiff.

See Exhibit B, copies of Defendants' infringing coffee package using the infringing trademark JAMAICA ME CRAZY, and identifying that the three Defendants are distributors of the infringing coffee package.

20.   Thus, Defendants have adversely impacted Plaintiff's sales, by way of infringement and unfair competition and unlawful business practices, which trade off of the substantial goodwill and reputation built up over the last fourteen (14) years by Plaintiff.

21.   On April 6, 2010, Defendants publicly stated that they sold three (3) million coffee pods in their first week of business, including their JAMAICA ME CRAZY branded coffee. See Exhibit C.

22.   Defendants' use of the confusingly similar JAMAICA ME CRAZY mark referenced above in connection with coffee is without permission or authority of Plaintiff.

23.   Defendants' use of the confusingly similar JAMAICA ME CRAZY mark referenced above in connection with coffee is likely to cause confusion, to cause mistake or to deceive. See Exhibit D, which is a current printout from Google showing confusion with multiple listings for Plaintiff's JAMAICAN ME CRAZY Marks and Defendants' infringing JAMAICA ME CRAZY mark.

24.   Plaintiff has priority of use of the mark JAMAICAN ME CRAZY on coffee flavoring, dating back to at least as early as 1997.

25.   On August 2, 2011, Defendant RDE filed Trademark Application Serial No. 85387322 for JAMAICA ME CRAZY as a trademark for "coffee" in International Class 30 ("Applicant's Goods"). Such application was published for opposition in the Official Gazette on October 18, 2011.

26. Defendant RDE's trademark application for its infringing JAMAICA ME CRAZY trademark claims a date of first use of January 1, 2010.

27. Plaintiff's sales and offering for sale of such JAMAICAN ME CRAZY coffee flavoring, since at least as early as 1997, predates Defendant RDE's claimed date of first use in 2010.

28. Plaintiff has filed an Opposition to this trademark being registered in the U.S. Patent and Trademark Office.

29. Defendants' use of the infringing JAMAICA ME CRAZY trademark has caused consumers to say on YouTube that "I hate" JAMAICA ME CRAZY coffee.  Because the trademarks JAMAICAN ME CRAZY and JAMAICA ME CRAZY are confusingly similar, and consumers may be misled to believe that such derogatory comments are in reference to Plaintiff's JAMAICAN ME CRAZY coffee, this has damaged and is damaging Plaintiff's reputation for its coffee JAMAICAN ME CRAZY.  See printout attached hereto as Exhibit E.

30. Defendant RDE was aware of Plaintiff's JAMAICAN ME CRAZY Mark before RDE started using its infringing JAMAICA ME CRAZY trademark.  Upon information and belief, RDE, through its agents and or attorneys, should have conducted a trademark search, and would have found Plaintiff's JAMAICAN ME CRAZY Mark.

31. By reason of the foregoing, Plaintiff has been injured in an amount not yet fully determined, but believed to be in excess of $500,000.

## COUNT I
### Trademark Infringement of a Registered Mark under 15 U.S.C. §1114(1)

32.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 30 above as if fully set forth herein.

33.  Defendants' actions of marketing, selling and distributing coffee bearing the confusingly similar JAMAICA ME CRAZY mark, without the consent of Plaintiff, in interstate commerce, has caused and continues to cause a likelihood of confusion, mistake, and deception in the minds of the public.

34.  Defendants' use of the above mentioned confusingly similar trademark in interstate commerce has infringed Plaintiff's federally-registered JAMAICAN ME CRAZY Marks (shown in Exhibit A) in violation of Section 32(1) of the Lanham Act, 15 U.S.C. 1114(1).  Defendants' actions have been committed with knowledge of Plaintiff's trademark rights and such imitation is intended to be used to cause confusion, or to cause mistake or to deceive.

35.  Defendants' use of the confusingly similar JAMAICA ME CRAZY mark in connection with coffee has been made notwithstanding Plaintiff's well-known and prior established rights in the JAMAICAN ME CRAZY Marks, and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072.

36.  Upon information and belief, Defendants' infringing activities have caused and will continue to cause, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its JAMAICAN ME CRAZY Marks and its federal and common-law trademark rights associated with its JAMAICAN ME CRAZY Marks.

37.  Plaintiff has no adequate remedy at law.

38.  Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to money damages, treble damages, profits, attorney's fees, and the costs of this action.

## COUNT II
### False Designation of Origin and Trade Dress Infringement
### Under 15 U.S.C. §1125(a)(1)

39.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

40.   Defendants' actions of marketing, selling and distributing coffee bearing the JAMAICA ME CRAZY mark that is confusingly similar to Plaintiff's JAMAICAN ME CRAZY Marks, in interstate commerce, without the consent of Plaintiff, is a false designation of origin and a misrepresentation as to source, which is likely to cause confusion and to cause mistake, and to deceive the public as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants goods as emanating from Plaintiff.

41.   Defendants' use of the confusingly similar version of Plaintiff's trademark is a false designation of origin and a misrepresentation as to source in interstate commerce, and has infringed Plaintiff's trademark rights in its JAMAICAN ME CRAZY Marks identified above in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and has allowed Defendants unfair advantage to obtain gains and profits and to inflict a disadvantage to Plaintiff, based on Defendants' infringing use of the JAMAICA ME CRAZY mark.

42.   Upon information and belief, Defendants' wrongful activities have caused and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its JAMAICAN ME CRAZY Marks.

43.   Plaintiff has no adequate remedy at law.

44.   Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to actual monetary damages, treble damages, Defendants' profits, Plaintiff's attorney's fees, the costs Plaintiff incurs in this action, and any other remedies awarded by this Court.

## COUNT III
### New Jersey Unfair Competition N.J.SA. §56:4-1 et seq.

45.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 43 above as if fully set forth herein.

46.   Defendants' actions of making, selling, distributing and/or promoting and advertising coffee under the JAMAICA ME CRAZY mark confusingly similar to Plaintiff's JAMAICAN ME CRAZY Marks, in interstate commerce, without the consent of Plaintiff, has caused and continues to cause confusion, mistake, and deception in the minds of the public, and has misappropriated the good will and reputation associated with Plaintiff's mark.

47.   Defendants' actions constitute palming off, misappropriation and infringement of Plaintiff's trademark for its JAMAICAN ME CRAZY Marks, which is actionable under the New Jersey law of unfair competition.

48.   Upon information and belief, Defendants' wrongful activities have caused and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its JAMAICAN ME CRAZY Marks.

49.   Plaintiff has no adequate remedy at law.

50.   Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to money damages, plus punitive damages, Defendants' illegal profits, attorney's fees, and the costs of this action.


## COUNT IV
### New Jersey Trademark Infringment N.J.SA. §56:4-1 et seq.

51.   Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 49 above as if fully set forth herein.

52.   Defendants' actions of making, selling, distributing and/or promoting and advertising coffee under the JAMAICA ME CRAZY mark confusingly similar to Plaintiff's JAMAICAN ME CRAZY Marks, in interstate commerce, without the consent

of Plaintiff, has caused and continues to cause confusion, mistake, and deception in the minds of the public, and has misappropriated the good will and reputation associated with Plaintiff's mark.

53.   Defendants' actions constitute palming off, misappropriation and infringement of Plaintiff's trademark for its JAMAICAN ME CRAZY Marks, which is actionable under the New Jersey law of trademark infringement.

54.   Upon information and belief, Defendants' wrongful activities have caused and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its JAMAICAN ME CRAZY Marks.

55.   Plaintiff has no adequate remedy at law.

56.   Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiff to money damages, plus punitive damages, Defendants' illegal profits, attorney's fees, and the costs of this action.

**WHEREFORE**, Plaintiff demands:

1.   a preliminary and permanent injunction be issued, restraining Defendants, their agents, servants, employees, successors and assigns and all others in active concert and privity with them from continued infringement of Plaintiff's JAMAICAN ME CRAZY Marks, or using any mark confusingly similar thereof, to Plaintiff's JAMAICAN ME CRAZY Marks, including use as a false designation of origin, and including all selling, offers to sell, distribution, marketing, and promotion of related goods containing such mark, pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116), and preventing continued unfair competition pursuant to New Jersey statutes set forth in N.J.S.A. §56:4-1 et. seq.; and as per the equitable power of this Court to enforce the common law of this State;

2.   an accounting to Plaintiff from Defendants of their profits and the actual money damages suffered by Plaintiff resulting from Defendants' trademark infringement, false designation of origin, and unfair competition, together with interest, and the trebling

of such damages pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117), and N.J.S.A. §56:4-1 et. seq. of the State of New Jersey, because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

3.      an award of punitive damages under New Jersey state law for intentional and willful acts of unfair competition, pursuant to N.J.S.A. §56:4-1 et. seq;

4.      an award of interest, costs and attorney's fees, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

5.      That Defendants be required to pay to Plaintiff damages in the amount of at least one million dollars which Plaintiff has sustained in consequence of Defendants' infringement of said JAMAICAN ME CRAZY Marks and said unfair trade practices and unfair competition, and to account for all gains, profits, and advantages derived by Defendants by said trademark infringement, unfair trade practices and unfair competition; and

6.      That Defendants be required to recall from their customers and deliver up to be impounded during the pendency of this action all coffee and related products with said infringing trademark in their possession or under their control; and

7.      That Plaintiff has such other and further relief as is just and equitable.


## JURY DEMAND

Plaintiff hereby demands its right to trial by jury on all issues triable to a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **Certification Under Local Rule §201.1**

Plaintiff's counsel hereby certifies that the amount in controversy exceeds $150,000, and that money damages are not the only form of relief being sought, and therefore the $150,000 requirement in the above local rule is satisfied, and this case is not eligible for arbitration.

Respectfully submitted,
Flavor Dynamics, Inc.


By:    <u>   s/Ezra Sutton/            </u>
          Ezra Sutton (ES-2189)
          EZRA SUTTON, P.A.
          Plaza 9 Bldg., 900 U.S. Hwy. 9
          Woodbridge, New Jersey 07095
          (Ph.) 732-634-3520
          (Fax) 732-634-3511

          Attorneys for Plaintiff


Dated: October 31, 2011